UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALIGNMENT HEALTHCARE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 26-3550 (CRC) |
| SCAN HEALTH PLAN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 26-3737 (CRC)<br><br>**CONSOLIDATED CASES** |

**DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants, the Department of Health and Human Services ("HHS"), the Centers for Medicare and Medicaid Services ("CMS"), Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, and Mehmet Oz, in his official capacity as Administrator of CMS, respectfully file this cross-motion for summary judgment, and opposition to Plaintiffs' Motions for Expedited Summary Judgment.

**ARGUMENT**

The identical legal issues presented in these consolidated cases are presently pending before this Court in Plaintiffs' earlier, related challenges to their prior-year 2026 Star Ratings. *See SCAN Health Plan v. U.S. Dep't of Health & Hum. Servs.*, No. 1:26-cv-02391-CRC (D.D.C. 2026) ("*SCAN I*") (consolidated with *Alignment Healthcare, Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. 1:26-cv-02441-CRC (D.D.C. 2026) ("*Alignment I*")). The Court has consolidated the above-captioned cases, *Alignment Healthcare, Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. 1:26-cv-03550-CRC (D.D.C. 2026) ("*Alignment II*") with *SCAN Health Plan v. U.S. Dep't of Health & Hum. Servs.*, No. 1:26-cv-03737-CRC (D.D.C. 2026) ("*SCAN II*"). *See Alignment II*, Minute Order, Nov. 3, 2026.

As in *SCAN I* and *Alignment I*, Plaintiffs press three theories supporting their contention that, under 42 U.S.C. § 1395hh(a)(2), CMS was required to promulgate the Star Ratings measure specifications by regulation: (1) they govern "the payment for services," (2) "eligibility to furnish services or benefits," and (3) "the scope of benefits." For all of the reasons set forth in Defendants' Oppositions to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment (*SCAN I*, ECF Nos. 16 & 17; *Alignment I*, ECF Nos. 1), and Replies in Support of Defendants' Cross-Motion for Summary Judgment (*SCAN I*, ECF No. 17; *Alignment I*, ECF Nos. 18 & 19), and incorporated here by reference, none of these theories has merit.

Defendant briefly explains below why those three theories are misplaced and also summarizes below its position as to the appropriate relief were the Court to agree with Plaintiffs' position. Because Defendant has fully set forth its position on these same issues in *SCAN I* and *Alignment I*, Defendant is not restating that position in full here but refers the Court to its submissions in those cases for a more complete explanation as to why it should be granted summary judgment and Plaintiffs' competing motions should be denied.

As to Plaintiffs' first theory, in their briefing in *SCAN I* and *Alignment I*, Plaintiffs did not seriously dispute that "services" as used in the Medicare statute refers to medical services. As everyone who has ever paid for health insurance intuitively understands, payments made to a health insurance company are payments for an agreed-upon insurance benefit, not for any particular health services needed during the benefit period. That insurance agreement of course has implications for who pays for services—insurers agree to be responsible for making payments to healthcare providers for covered medical services. But the payment the insurer receives from the insured is in exchange for the insurer's promise to provide coverage, not for any particular services. The monthly payments that CMS makes to Medicare Advantage Organizations ("MAOs") are exactly like those monthly payments to insurance companies. The only difference is that CMS makes those payments on behalf of Medicare beneficiaries in exchange for the MAOs' promise to provide coverage for those beneficiaries instead of CMS.

Plaintiffs nevertheless insist that the flat, per-beneficiary payments it receives from CMS each month are somehow "payment[s] for services" because, under the terms of the Medicare Advantage program, MAOs are required to make payments to healthcare providers for covered services the beneficiary uses. But a simple hypothetical dismantles that argument. Suppose Plaintiffs provide benefits to two beneficiaries. Plaintiffs receive the same payment from CMS

for both of those beneficiaries for a given month. In that month, Beneficiary A uses no healthcare services whatsoever. Beneficiary B, on the other hand, gets in a horrible accident requiring hundreds of thousands of dollars' worth of surgeries, hospital stays, and other medical services.

For both beneficiaries, the services used have no effect on the payment to which Plaintiffs are entitled. Plaintiffs are not entitled to more money from CMS because Beneficiary B used significant services that month, even though Plaintiffs presumably expended more than that beneficiary's monthly capitation fee to cover those services. Just as importantly, Plaintiffs are not required to pay CMS back for the beneficiary who used no services, even though Plaintiffs spent nothing on that beneficiary. This is the nature of insurance: The existence of beneficiaries like Beneficiary A (who use few or no services) is what makes it viable for insurance companies to offer benefits to people like Beneficiary B. The Medicare statute captures this difference between medical services paid for by MAOs and benefits paid for by CMS. Because CMS's Technical Notes do not affect "payment for services," they need not be "promogulated . . . by regulation." 42 U.S.C. § 1395hh(a)(2); *see* Defs.' Cross-Motion for Summ. J. at 14-19, *SCAN I*, ECF No. 17; Defs.' Cross-Motion for Summ. J. at 14-20, *Alignment I*, ECF No. 18.

As to Plaintiffs' second theory, the Star Ratings measure specifications likewise do not "govern[] . . . the eligibility of . . . entities, or organizations to furnish . . . services or benefits." The technical specifications that CMS uses to calculate Star Ratings measures, which in turn affect MAOs' entitlement to quality bonus payments each year, do not have decisive influence or control over an MAO's eligibility to furnish benefits. CMS's comprehensive termination regulations provide the deciding principle for termination. *See* Defs.' Cross-Motion for Summ. J. at 19-20, *SCAN I*, ECF No. 17; Defs.' Cross-Motion for Summ. J. at 20, *Alignment I*, ECF No. 18.

As to Plaintiffs' third theory, the Star Ratings do not "govern[] . . . the scope of benefits"

because MAOs may choose to offer supplemental benefits to beneficiaries without regard to their Star Ratings. CMS's regulations concerning supplemental benefits provide legal standards that constrain the scope of benefits that plans may offer. The Star Ratings measure specifications do not similarly control legal procedure or act as a rule, precedent, law, or deciding principle for the scope of benefits plans determine to offer. *See* Defs.' Cross-Motion for Summ. J. at 20-21, *SCAN I*, ECF No. 17; Defs.' Cross-Motion for Summ. J. at 20-21, *Alignment I*, ECF No. 18.

On the issue of appropriate relief, were the Court to agree that the measures Plaintiffs challenge violate the Medicare statute's notice-and-comment requirements, the Court should remand to the agency to recalculate Plaintiffs' Star Rating consistent with the Court's opinion. "[T]he better course when an agency error is identified is for the reviewing court, except in rare circumstances, to remand to the agency for additional investigation or explanation" consistent with its ruling. *FDA v. Wages & White Lion Invs., L.L.C.*, 604 U.S. 542, 587 (2025) (cleaned up); *N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008). That is the normal practice because, "[u]nder settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995).

Plaintiffs request that this Court grant it extraordinary relief in the form of a detailed remand order "providing for rebate relief, including an order requiring CMS to facilitate any modified bid documents." Compl. (ECF No. 1) at Prayer for Relief, v). "Only in extraordinary circumstances do [courts] issue detailed remedial orders," such as the one that Plaintiffs request here. *N.C. Fisheries Ass'n*, 550 F.3d at 20; *accord In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 634 (D.C. Cir. 2014). Plaintiffs have not attempted to make the

requisite showing. In every other case in which a district court has determined that CMS erred in calculating an MAO's Star Rating, it has entered the more modest relief of setting aside the Star Rating: "Other courts dealing with Star Ratings-related litigation have noted, in formulating relief, that 'courts should, where possible, leave it to administrative agencies to determine in the first instance how best to implement a judicial decision that alters the relevant legal framework.'" *Clover Ins. Co. v. HHS,* No. 2:25-CV-142, 2026 WL 1483515, at *25 (S.D. Ga. May 27, 2026), *on reconsideration in part*, No. 2:25-CV-142, 2026 WL 1510382 (S.D. Ga. May 29, 2026) (quoting *Elevance Health, Inc. v. Becerra*, 736 F. Supp. 3d 1, 25-26 (D.D.C. 2024)). Remand without detailed instructions is especially appropriate here so that CMS can consider whether "taking further action consistent with the corrected legal standards," *PPG Indus., Inc.*, 52 F.3d at 365, requires CMS to exclude all measures used to calculate SCAN's Star Ratings on the basis that none of them were promulgated through notice-and-comment rulemaking.

For these reasons and the reasons set forth at length in Derendants' *SCAN I* and *Alignment I* briefing, and incorporated here by reference, the Court should grant Defendants' cross-motion for summary judgment and deny Plaintiffs' motions for summary judgment.

Dated: November 23, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*

*Of Counsel:*

BENJAMIN A. ROBLES
Acting General Counsel

ELIZABETH C. KELLEY
Deputy General Counsel
Chief Legal Officer for CMS

BETSY M. PELOVITZ
Associate General Counsel

MICHAEL J. GERARDI
Deputy Associate General Counsel for Litigation

KENNETH R. WHITLEY
Attorney
Department of Health and Human Services
Office of the General Counsel